PROVOSTY, J.
This case is before us on-writ of review to the court of appeals of the-Third circuit for the parish of Acadia.
The plaintiff sold his land to the defendant *681 on a credit by notarial act, the defendant making bis note for the price, and special mortgage and vendor’s privilege being reserved to secure the note; and plaintiff brings this suit to get back the land. He alleges that the sale was a mere contract of security, and he makes the usual allegations of continued possession, vileness of price, payment of taxes; also that the secured debt was not due to the vendee, Savoie, but to another person, and that the debt has been paid. He alleges, further, that it was by an error of the notary, superinduced by fraud and ill practices of the defendant, that the notarial act was not made to embody the real agreement of the parties. He annexed to his petition interrogatories on facts and articles propounded to defendant. Defendant answered the interrogatories, confirming the sale as made.
On the trial, plaintiff sought to prove by parol the true nature of the transaction; and defendant objected, on the grounds: First, that the act makes full proof between the parties, and cannot be contradicted by parol; second, that plaintiff, having propounded interrogatories on facts and articles to defendant, cannot contradict by parol defendant’s answers to such interrogatories. The court overruled the first of these objections, and sustained the second.
The court of appeals sustained the ruling, and the present application followed.
As we understand the ruling, it holds that parol evidence is admissible to prove the fraud or error alleged; that the plaintiff may show that by fraud or by error the written instrument was made to embody a different agreement from that entered into by the parties, or that, by the fraud of defendant, the plaintiff was made to agree to something the nature of which he did not rightly understand — -for example, was induced to believe that he was executing a mortgage, when in reality he was executing a sale. As thus restricted in its scope, the parol evidence was admissible, and the ruling admitting it was correct.
The evidence being admissible, we fail to see why the fact that the plaintiff had propounded interrogatories to defendant should operate to exclude it. The Code of Practice (article 354) is express to the contrary: “The answers of the party interrogated are evidence, but do not exclude adverse testimony, and shall be weighed by the judge as other testimony.” In the eases of Godwin v. Neustadtl, 42 La. Ann. 735, 7 South. 744, and Rush v. Landers, 107 La. 549, 32 South. 95, 57 L. R. A. 353, and in many other similar cases, where the parol evidence was excluded, the reason of the exclusion was not that interrogatories had been propounded the answers to which could not be contradicted, but that the cases were not such as to admit of parol evidence. They were cases where, no fraud or error being alleged, parol was offered for the purpose of contradicting written acts or affecting title to real estate. As a matter of course, the court excluded the evidence; but not because it would have contradicted the answer to the interrogatories. Tbe Code is express that such answers may be contradicted. How, then, could the court hold that they cannot? The trouble in those cases was that under cover of the permission given by article 354 of the Code of Practice to contradict the answers the attempt was made to introduce parol evidence in cases where it was not admissible. Per contra, in the present case, the evidence is admissible; and the objection is that it would contradict the answers. The cases in question are the very opposites of the present one.
As restricted to the proof of the error or fraud, the parol evidence was admissible.
It is therefore ordered, adjudged, and decreed that the judgments of the district court and of the court of appeals be set aside, and that the case be remanded to the district court to be proceeded with in accordance with the views hereinabove expressed and according to law.
BREAUX, J., dissents.