26 So.2d 132

**BAKER v. BAKER.**
No. 37921.

March 18, 1946.

Rehearing Denied April 22, 1946.

Borron, Owen & Borron, by P. G. Borron, and J. Oliver Bouanchaud, all of Baton Rouge, for defendant and appellee and applicant.

John Fred Odom and Fred G. Benton, both of Baton Rouge, for respondent.

HAWTHORNE, Justice.

This case is before us under our supervisory jurisdiction, and the only issue presented is whether or not a certain tract or parcel of land containing 40 acres belongs to the community of acquets and gains formerly existing between plaintiff, Florence Ella Baker, divorced wife of defendant, and defendant, Louis Phillip Baker.

The district court rendered judgment against plaintiff, decreeing that the tract of land did not belong to the community. The Court of Appeal, First Circuit, reversed this judgment, decreeing the land to be community property. On application of defendant, Louis Phillip Baker, this court granted writs, and the matter is now before us for decision.

Florence Ella Baker obtained a separation a mensa et thoro from Louis Phillip Baker on May 14, 1942. No reconciliation having taken place, a judgment of divorce a vinculo matrimonii was rendered between the parties on July 31, 1944.

Subsequent to the judgment of separation, Florence Ella Baker instituted this suit to obtain a liquidation and settlement of the community estate which existed between her and her husband and for a partition of certain property including the 40-acre tract of land here involved, which tract she alleged belonged to said community.

Defendant in his answer denied that this 40-acre tract belonged to the community formerly existing between him and his wife, Florence Ella Baker, and claimed that it was his separate property. In support of this contention he alleged certain facts and circumstances which will be hereinafter discussed.

On the trial of the case in the lower court, after it was admitted by all parties that plaintiff and defendant were married on February 27, 1901, plaintiff offered in evidence the judgment granting to her a separation a mensa et thoro dated May 14, 1942, and an authentic act of sale from Ronaldson & Puckett Company, Ltd., to Louis P. Baker, dated October 21, 1902, as recorded in Book 28, Folio 400, of the Conveyance Records of East Baton Rouge Parish, conveying to relator, Louis Phillip Baker, the property involved for a recited cash consideration of $300. After making these offers, plaintiff rested her case, contending that, since the deed offered in evidence was executed during the existence of the marriage and since it contained no recital that the property was purchased with the separate funds of the husband, the property de-

scribed therein fell into the community of acquets and gains.

After plaintiff had rested her case, counsel for defendant offered in evidence, without objection, the following deeds, all covering the tract of land in dispute: (1) Deed from Charles D. Favrot to Phillip Baker and Louis P. Baker, dated December 7, 1886; (2) deed from Phillip Baker to Louis P. Baker, covering an undivided one-half interest, dated December 13, 1890; and (3) deed from Louis Phillip Baker and his first wife, Georgiana Baker, to Ronaldson & Puckett Company, Ltd., dated May 13, 1899. All of these are authentic acts, duly recorded in the notarial records of East Baton Rouge Parish. The deed from Louis Phillip Baker and Georgiana Baker to Ronaldson & Puckett recited a cash consideration of $150.

The first two deeds offered by defendant and evidence adduced disclose that relator and his father, Phillip Baker, acquired the property on December 7, 1886, and that on December 13, 1890, Louis Phillip Baker acquired the undivided one-half interest of his father and become the owner of the whole interest in the property.

Defendant then offered his own testimony and that of other witnesses to prove that the property did not belong to the community. This testimony was objected to by counsel for plaintiff. The objection was overruled by the district judge, and defendant by this testimony and other evidence proved the following facts, as alleged in his answer:

After the acquisition of this property by defendant, he resided thereon, engaged in cultivating and farming it. During the years 1899, 1900, 1901, and 1902, he obtained advances of supplies and merchandise from Ronaldson & Puckett Company, Ltd., general merchants doing business in the City of Baton Rouge. On or about May 13, 1899, he was indebted to this company for supplies furnished and advances made in the amount of about $200, and it called upon him for security for said indebtedness and for any future indebtedness he might incur for advances to be made. Thereupon, he and his first wife, Georgiana (from whom he was later divorced), both believing that they were executing a mortgage or act of security, signed on May 13, 1899, an act of sale in authentic form of the 40-acre tract, including all of the livestock and agricultural implements thereon. This deed recited a cash consideration of $150 paid by Ronaldson & Puckett, the vendee named therein, but no part of this consideration was ever paid.

Louis Phillip Baker continued to obtain advances and supplies from Ronaldson & Puckett to carry on his farming operations until some time in 1902, when he settled his account in full. During this year defendant discovered for the first time that Ronaldson & Puckett had caused him to execute an act of sale to said property in 1899 and not an act of security or mortgage, and that

this act of sale was recorded in the conveyance records of the parish. He received this information from an agent of a railroad company, who applied to him to purchase a right of way across this tract of land.

Upon learning of this fact, relator called upon Ronaldson & Puckett to reconvey the property to him, and accordingly on October 21, 1902, that company, without protest or objection, executed an act of sale, authentic in form, reconveying the property to Baker for a recited consideration of $300 cash, which act of sale was duly recorded in the Conveyance Records of the Parish of East Baton Rouge. No part of the cash consideration of $300 named in the deed was paid. On the date of this deed, Louis Phillip Baker and plaintiff, Florence Ella Baker, were married and living together as husband and wife.

Relator is a Negro (about 83 years of age at the date of the trial), unable to read or write, and did not know or realize the difference between an act of sale and an act of mortgage. After he had executed the act of sale to Ronaldson & Puckett, he continued to remain in possession of, and reside on, the property, occupying it as his home, cultivating and farming it, and paying all taxes due thereon. At no time did Ronaldson & Puckett ever claim title to, or have possession of, this tract of land. The act of sale to Ronaldson & Puckett was in fact a pignorative contract, and relator was not divested thereby of any legal title to said property. He executed this act without any knowledge or understanding that he was executing an act of sale to the property, verily believing that he was executing an act of mortgage. At the time the act of sale to Ronaldson & Puckett was passed, the property had a real value of about $1,600 and was worth much more than the price of $150 named in said act of sale, which in fact was never paid.

The books and records of Ronaldson & Puckett Company, Ltd., show that Louis Phillip Baker had an account with that firm during the years 1899 to 1902, inclusive, in which latter year the indebtedness was paid and the account closed. This firm kept and maintained a record of all property owned by it, known as the real estate account, which shows the dates of all property purchased by it. This real estate account does not contain any record or entry showing any purchase from the defendant, Louis Phillip Baker, nor do any of the records show a payment to relator by the firm of the sum of $150 in cash, the consideration named in the deed of date May 13, 1899, nor do they show that Ronaldson & Puckett received $300 in cash, the consideration named in the deed of October 21, 1902, by which it reconveyed the property to relator.

Counsel for plaintiff objected to all the testimony and evidence establishing these facts on the grounds that relator was bound by the terms of the deed under which he acquired the property from Ronaldson &

Puckett insofar as his wife's community rights in this property are concerned; that he is estopped to deny the nature of the transaction as shown upon the face of the deed; that parol testimony is inadmissible to vary or contradict the terms of that deed, and, further, that relator could not question the nature of the transaction under which Ronaldson & Puckett acquired the property on May 13, 1899, and show that it was not a sale but was a contract of security or mortgage.

Defendant in his answer having alleged that he never intended to sell or convey title to said property but intended merely to give an act of security or mortgage thereon for indebtedness then due or to become due to Ronaldson & Puckett Company, Ltd., and that the deed of May 13, 1899, to this firm was executed in error, we think the ruling of the trial judge admitting the parol testimony and evidence was proper, and that parol evidence was admissible to show the true intent and purpose of the defendant, Louis Phillip Baker, in executing the deed to Ronaldson & Puckett under date of May 13, 1899.

■ It is well settled that parol evidence is admissible to prove fraud or error. Wigmore on Evidence, 3d Ed., Sections 2413 and 2416(2); Le Bleu v. Savoie, 109 La. 680, 33 So. 729; Locascio v. First State Bank & Trust Co., 168 La. 723, 123 So. 304; Reid v. Phillips, 177 La. 497, 148 So. 690; Wooten v. Jones et al., 200 La. 333, 8 So. 2d 46; Unity Industrial Life Ins. Co. v. Dejoie et al., 202 La. 249, 11 So.2d 546; Green v. McDade, La.App., 17 So.2d 637. In Le Bleu v. Savoie, supra, this court said [109 La. 680, 33 So. 730]: "* * * parol evidence is admissible to prove the fraud or error alleged; * * * the plaintiff may show that by fraud or by error the written instrument was made to embody a different agreement from that entered into by the parties, or that, by the fraud of defendant, the plaintiff was made to agree to something the nature of which he did not rightly understand—for example, was induced to believe that he was executing a mortgage, when in reality he was executing a sale."

■ The evidence in this case, which we think was properly admitted, proves beyond any doubt that Louis Phillip Baker never intended to execute a deed or to sell the property to Ronaldson &. Puckett and was of the belief that he was merely giving a mortgage or security for his indebtedness then existing or to be incurred to Ronaldson & Puckett, and that Ronaldson & Puckett never intended to acquire title to said property but merely took the deed as a means of security. For this reason the deed is a nullity and did not have the effect of transferring title to Ronaldson & Puckett Company, Ltd., and Louis Phillip Baker never parted with title to said property.

■ Counsel for plaintiff in brief concede that there are certain exceptions to the parol evidence law as laid down in Articles

2236 and 2276 of the Revised Civil Code, and state that such evidence is admissible to vary, alter, or contradict the terms of an authentic act when such act contains a redemption clause, and retention of possession and vileness of price are alleged. They point out, however, that, in all such cases where parol evidence was permitted, the controversy was between the original contracting parties.

It is true that the act of sale from Louis Phillip Baker to Ronaldson & Puckett Company, Ltd., did not contain a redemption clause, and that the parol evidence, which we think was properly admitted in this case, does not fall within the above exception to the rule. However, we think it is admissible under the well established rule that parol evidence is admissible to prove fraud or error, defendant having alleged error in his answer and having set forth therein facts which, if true, constituted such error.

To us it would appear to be inconsistent to hold that parol evidence was admissible to show the true intent and purpose of relator in executing the deed to Ronaldson & Puckett under the allegations of error— and there is no doubt that parol evidence was admissible under such allegations, which evidence proved and established that relator never intended to, or did, part with title to the property—and to say on the other hand, as counsel for plaintiff urge, that such evidence could not be considered in determining the question of whether or not Louis Phillip Baker acquired title to the

property by the deed from Ronaldson & Puckett to him of date October 21, 1902, during his marriage to Florence Ella Baker.

In our opinion, both deeds involve only one continuous transaction, this transaction being the giving of security to Ronaldson & Puckett for an indebtedness incurred and to be incurred by relator herein and the transferring and reconveying to Louis Phillip Baker paper title to the property securing the indebtedness; in other words, a transaction made in error and thereafter corrected. The two acts being co-related and vitally connected, evidence admissible as to one is pertinent, relevant, and admissible as to the other; for to determine whether or not there was an acquisition by the community of acquets and gains existing between these parties by the deed of October 21, 1902, it is necessary first to determine whether or not there was a divestiture of title by the act of sale to Ronaldson & Puckett dated May 13, 1899.

We concede that plaintiff's objection to the admissibility of parol evidence in this case would have been good had the rights of a third party been involved, and that such evidence would not be permitted to show, to the prejudice of third persons, that the contract was pignorative in character. Had a third party purchased the property from Ronaldson & Puckett Company, Ltd., such third party's rights would be fully protected, and parol evidence could not be adduced to show that the act of sale by which Ronaldson & Puckett acquired the property

(this deed being regular on its face and by authentic act) was not a sale at all but only a pignorative contract or mortgage. Beard v. Nunn, 172 La. 155, 133 So. 429, and authorities therein cited.

In the case here under consideration, Florence Ella Baker was not a third party relying on the faith of the public records, since she did not acquire the property by purchase or any other similar way, and any rights that she might have had therein must necessarily flow from, and be determined by, an acquisition by her husband of the property during the existence of the community of acquets and gains between them.

■ Counsel for plaintiff further contend that, whether the parol evidence in this case was properly admitted or not, the property belongs to the community of acquets and gains which existed between these parties under the rule of law that, when a married man buys property in his own name without a stipulation in the deed that it is bought with his separate funds, the presumption in favor of the community is juris et de jure. As authority for this rule of law counsel cite numerous cases, the principal ones being Succession of Watkins, 156 La. 1000, 101 So. 395; Schoeffner v. Schoeffner, 165 La. 142, 111 So. 655; Smith v. Gloyd, 182 La. 770, 162 So. 617, and Sanderson v. Frost, 198 La. 295, 3 So.2d 626.

Article 2402 of the Revised Civil Code reads as follows: "This partnership or community consists of the profits of all the ef-

fects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may *acquire* during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way, even although the purchase be only in the name of one of the two and not of both, because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase. * * *" (Italics ours.)

Insofar as this case is concerned, this article could be applicable only in the event there had been an actual *acquisition* of the property during the existence of the community of acquets and gains existing between these parties, as this article very plainly states that the partnership or community consists of the estate of both husband and wife which they may *acquire* during the marriage either by donations made jointly to them both, or by purchase, or in any other similar way, although the purchase be made in the name of one of the two and not of both, because in that case the period of time when the purchase was made is alone attended to and not the person who made the purchase.

The evidence in this case being conclusive that the purported act of sale by defendant to Ronaldson & Puckett was nothing more than a security contract, it follows that he was never divested of title to the property,

that Ronaldson & Puckett did not acquire title thereto, and that therefore, by the act of sale or reconveyance to him on October 21, 1902, during the existence of the community of acquets and gains, there was no acquisition of the property within the meaning of Article 2402 of the Revised Civil Code, quoted hereinabove, and that the property did not fall into the community.

Under the proven facts in this case, it is clear that this property never belonged to the community, and that the retransfer made to Louis Phillip Baker by Ronaldson & Puckett Company, Ltd., cannot be viewed in the light of a purchase or acquisition made during the marriage. Ronaldson & Puckett voluntarily did that which relator could have brought about by bringing against that company an action to annul and set aside the purported act of sale made to it, for the reason that the act was only a security contract for a debt which subsequently was paid in full, or that it was merely a pignorative contract. The land remained the property of relator in the same manner as if no sale had been made, and he held it by the same title which he had before his marriage to plaintiff herein.

In Kittredge v. Grau, 158 La. 154, 103 So. 723, the plaintiffs were the sisters of George W. Kittredge, who died intestate without ascendants or descendants. The primary object and purpose of the suit was to compel the universal legatees of his widow, Mrs. Augusta Grau Kittredge, who died after her husband's death, to surrender to the plaintiffs 15 shares of the capital stock of Kittredge-Waters Supply Company, a corporation, each share having a par value of $100, which shares they contended belonged to the separate estate of the deceased husband and not to the community which existed between the deceased parties.

George W. Kittredge, prior to his marriage, together with certain named individuals entered into a copartnership styled Borelli & Kittredge, each of the partners therein contributing to the partnership the sum of $2,500. After Kittredge's marriage, a corporation was organized under the name of Kittredge-Waters Supply Company, and three of the members of the partnership as it existed at that time and another party, named Waters, were the incorporators. The three members of the partnership were each to receive $2,500 of the capital stock of the corporation, that is to say, each was to receive 25 shares of the par value of $100 each, said stock being paid for by the assets of the partnership. The other incorporator, Waters, was to pay $2,500 in cash for his one-fourth of the capital stock. There were no purchasers of stock outside of the four original incorporators, and no certificates of stock were issued to any of them until after the death of both Kittredge and his wife. At the time when, or immediately after, the charter was signed, the property and affairs of the partnership were transferred to the corporation. The name was changed on the books of the concern

and in the bank account, and the business was continued in the name of the corporation as it had been carried on in the name of the partnership. Several years after the incorporation, one of the incorporators, Waters, having paid only $1,500 in cash on his subscription to $2,500 for his one-fourth of the capital stock of said corporation, the three other stockholders each withdrew $1,000 from the corporation, thus reducing the capital stock to $6,000, of which each shareholder had 15 shares of the par value of $100 each.

The only question in that suit was whether the 15 shares of capital stock in the corporation which Kittredge acquired for his one-fourth interest in the partnership were a part of his separate estate or were community property. This court held that the stock in the corporation belonged to the separate estate of the deceased George W. Kittredge, and in doing so pointed out that Kittredge owned his one-fourth interest in the partnership before his marriage, and that his interest in the partnership was therefore a part of his separate estate and not community property, and that he acquired the capital stock in the corporation not by an actual transfer to him of something which he did not already own, but by the transformation of his interest in the partnership into an interest in the corporation.

In so holding, this court made it clear that Kittredge, during his marriage, did not buy the corporation stock or acquire it in any similar way; in other words, that there was no acquisition under Article 2402 of the Revised Civil Code. This is true of the case here under consideration, as Louis Phillip Baker did not buy or acquire the land during his marriage to Florence Ella Baker, nor was there even a transformation of his interest in, and title to, the property involved.

The cases relied upon by counsel for plaintiff, cited supra, to the effect that, when property is bought by a married man in his own name without a stipulation in the deed that it is bought with his separate funds, the presumption in favor of the community is juris et de jure, are not applicable to the case here under consideration. It is true that they are full authority for the proposition stated. In each of these cases there was an *acquisition* of the property involved, or the act by which the husband acquired the property was a sale or similar to a sale, whereas in the present case there was no *acquisition* whatsoever during the existence of the community, and the property here involved did not form or constitute a part of the community estate.

While this case was pending in the Court of Appeal, First Circuit, plaintiff, appellant in that court, Florence Ella Baker, died, and her heirs, Effie Cary and Charles Griffin, were by order of that court substituted as parties plaintiff in said cause in lieu of Florence Ella Baker. For this reason it is

necessary that we amend the judgment of the district court so as to substitute these persons as parties plaintiff. The heirs of Florence Ella Baker may be able to establish and prove that the debt contracted to Ronaldson & Puckett prior to plaintiff's marriage to defendant was paid in part during the marriage with community funds, and, if so, their right to establish and prove this fact should be reserved.

For the reasons assigned, the judgment of the Court of Appeal, First Circuit, decreeing the property involved to belong to the community which existed between plaintiff, Florence Ella Baker, and defendant, Louis Phillip Baker, is reversed and set aside, and the judgment of the district court, decreeing the property to form no part of the community estate which existed between these parties, is amended so as to substitute Effie Cary and Charles Griffin, heirs of the deceased Florence Ella Baker, as parties plaintiff in lieu of Florence Ella Baker, and as thus amended is affirmed; Effie Cary and Charles Griffin, substituted parties plaintiff, respondents herein, to pay all costs of these proceedings. It is further ordered that the right of the heirs of Florence Ella Baker be reserved to establish whether or not there is an indebtedness to the community which existed between plaintiff and defendant as a result of the payment, during the community, of a debt, or any part thereof, contracted prior to the marriage.