98 So.2d 844 (1957)
Paul WILLIAMS, Plaintiff-Appellee,
v.
C. B. ROBINSON, Defendant-Appellant.
No. 8674.
Court of Appeal of Louisiana, Second Circuit.
November 26, 1957.
Goff & Caskey, Arcadia, for appellant.
Charles H. Morton, Jonesboro, for appellee.
*845 HARDY, Judge.
Plaintiff, claiming to be in the actual physical possession of a particularly described 40-acre tract of land in Bienville Parish, Louisiana, brought this action in jactitation against defendant. In answer defendant denied the slander of plaintiff's title, asserting that he and not plaintiff was the record owner of the property in question. As a result of defendant's claim of title the suit was converted into a petitory action. From a judgment in favor of plaintiff, Paul Williams, recognizing him as the owner, and therefore entitled to possession of the property involved, the defendant has appealed.
Plaintiff acquired the property in dispute by patent from the United States of date September 17, 1908. Defendant claims title by conveyance from plaintiff, Paul Williams, evidenced by a cash deed dated August 1, 1954, which recited a consideration of $400. On trial counsel for plaintiff objected to the introduction of the purported deed from Williams to Robinson on the grounds that it was obtained by fraud and error; that plaintiff did not intend to part with the ownership of the property but understood he was executing a mortgage thereon; that no consideration was paid; that plaintiff has remained in actual possession of the property since the date of execution of the deed and therefore the purported sale must be considered as a simulation; and, finally, that the recited consideration represented less than one-half the true value of the property. The document was filed in evidence subject to the objections.
Reducing this case to the fundamental questions involved, it is evident that the controlling issue tendered by this appeal concerns the validity and effect of the purported deed of conveyance executed by Paul Williams, as vendor, to C. B. Robinson, as vendee, dated August 1, 1945.
For the purpose of the determination of this issue it matters not whether the deed was procured by fraud or was given in error. If the evidence supports plaintiff's contention that he intended to give a mortgage and understood the instrument to be an act of mortgage, then the challenged document cannot be considered as having effected a valid transfer of title to defendant. LSA-C.C. Article 1841 reads as follows:
"Error as to the nature of the contract will render it void.
"The nature of the contract is that which characterizes the obligation which it creates. Thus, if the party receives property, and from error or ambiguity in the words accompanying the delivery, believes that he has purchased, while he who delivers intends only to pledge, there is not [no] contract."
The question of the effect of error in the nature of the contract was considered by the Supreme Court in the case of Baker v. Baker, 209 La. 1041, 26 So.2d 132, which case involved an identical contention that the grantor never intended to execute a deed and believed that he was merely giving a mortgage or security for indebtedness. Under these established factual circumstances the court held the deed to be a nullity, ineffective as effecting a transfer of title.
In Green v. McDade, La.App., 17 So.2d 637, 640 (Writ Denied) the opinion of this court contained the following observations, both of which are applicable to the instant case:
"It is a well recognized rule of law that error with regard to the nature of a transaction, `error in negotio', renders the transaction void.
* * * * * *
"The exact situation exists in the case before us as is set forth in the codal article, for while he who received may have intended to purchase, *846 it is evident that he who delivered intended only to pledge."
We think the evidence in the instant case clearly brings it within the above enunciated rule. The defendant, Robinson, testified that the plaintiff, Paul Williams, accompanied him to the notary's office for the purpose of procuring the confection and execution of a deed of conveyance. Unquestionably, Mr. Robinson was in error in this respect. The plaintiff, Williams, testified that he did not accompany Robinson to the notary's office to procure the preparation of the instrument, and that he appeared at the notary's office with Robinson after the instrument had been prepared; that he did not read the instrument, nor was it read to him, and that he believed it to be an act of mortgage. A signed stipulation by the notary, Mr. J. C. Shows, who was unable to appear in court by reason of ill health, admitted in evidence by agreement of counsel for the parties litigant, completely corroborates plaintiff's testimony. Shows declared that Robinson, alone, first came to his office and requested him to prepare the deed; that, subsequently, Robinson and Williams appeared before him; that he did not read the instrument to Williams but only asked him if he understood its contents, to which Williams answered affirmatively, whereupon the instrument was signed by Williams.
The plaintiff, Williams, a 74 year old Negro man of very limited education, emphatically insisted that he never intended to sign a deed and that it was his understanding that the instrument in question was a mortgage or pledge for the security of his indebtedness to Robinson. We think this assertion is sustained and thoroughly corroborated.
One of the strongest factors in corroboration of plaintiff's alleged understanding of the nature of the instrument lies in the fact that he has retained possession of and lived on the property continuously since the execution of the purported deed in 1945. Few principles are better established in our jurisprudence than the test of the continuance of actual possession by a purported grantor. Uniformly our courts have regarded the continuance of possession as being strong evidence that the agreement constituted a mere contract of security and not a sale. Latiolais v. Breaux, 154 La. 1006, 98 So. 620, and numerous authorities cited therein.
In the attempt to controvert the effect of plaintiff's continued possession, defendant contended that such possession was a tenancy by plaintiff as a sharecropper. It suffices to say with respect to this point that we are convinced, as was the district judge, that defendant failed to support this claim by the necessary preponderance of evidence. It was shown that plaintiff occupied the status of a sharecropper with reference to other land, but, with respect to the tract here involved, there can be no reasonable doubt but that plaintiff believed himself to be the owner and continued in possession as owner.
Defendant also contended that he had paid taxes on the property since the year 1945. This fact was not established, but rather it was shown that defendant had claimed a homestead exemption upon the tract involved, and that he had first made this claim to exemption in the year 1942, three years before the date of the purported conveyance.
Nor can there be any question as to plaintiff's right to the introduction of parol evidence in proof of fraud or error. Baker v. Baker, supra, and cases cited therein.
Inasmuch as the nature of the suit was converted by defendant's action from an answer in jactitation into a petitory action, plaintiff's right to rely upon fraud and error was preserved by his objection to the admission of the deed under which defendant claimed. Green v. McDade, supra.
*847 In our opinion the evidence convincingly justifies the conclusion that the purported act of conveyance of August 1, 1945, was executed by the plaintiff in error, under the belief that it constituted an act of mortgage, and without any intention of divesting himself of title.
In connection with the filing of his action of jactitation plaintiff prayed for an injunction protecting him from disturbance of his possession by the defendant. Appropriate temporary restraining orders were issued and maintained, and, by the judgment, the injunction, as prayed, was made permanent.
It follows that the judgment appealed from is correct and should be affirmed, and accordingly;
It is ordered, adjudged and decreed that plaintiff, Paul Williams, be, and he is hereby, recognized as the true and lawful owner and as such entitled to the possession of the following described property, towit:
NW ¼ of NW ¼ of Section 7, Township 14 North, Range 4 West, Bienville Parish, Louisiana.
It is further ordered, adjudged and decreed that the defendant, C. B. Robinson, be and he is ordered to cease any and all acts disturbing the plaintiff, Paul Williams, in the peaceful possession and enjoyment of the property above described, to cease from molesting the said plaintiff, Paul Williams, in any way, manner or means whatsoever, and, in connection with this order and decree, the injunction herein prayed for be and it is made permanent.
All costs are taxed against defendant, C. B. Robinson.