LABORDE, Judge.
Calvary Tabernacle filed suit against Louisiana Central Bank for restitution of the purchase price and cost of improvements due to a partial eviction from property purchased from the bank.
The trial court rendered judgment for the church for $1,000. From that judgment, the bank has appealed urging reversal of the trial judge, and the church has answered the appeal asking for an increase in the award.
The trial judge has set out the facts in a well written statement which we include here:
The Defendant has a mortgage on a two acre tract of land with building and improvements which it foreclosed on when the note secured by the mortgage was not paid. A one acre tract adjoined the two acre tract which was also owned by the Defendant’s mortgagor, but was not secured by the mortgage. It was, *815 however, subject to a judgment held by a third party. A Sheriff’s sale was held on the Defendant’s foreclosure on it’s mortgage and the execution of the judgement on the same day. The Defendant bought the two acre tract at the Sheriff’s sale and the Plaintiff bought the one acre tract at that same sale. The one acre tract was sold first.
The mobile home, subject to this lawsuit, was located somewhere on either or both of the properties. The evidence taken at the trial does not show the precise location, but it apparently was located either entirely on the one acre tract or on the one acre tract and slightly on the two acre tract. The best evidence is that it was located on the one acre tract.
The mobile home was not described in the Defendant’s mortgage, but the Defendant’s attorney furnished a description of the property to be seized to the Sheriff. This description does include the mobile home and was the property described in the advertisement of the Sheriff’s sale. There were other mobile homes definitely on the two acre tract. The Defendant’s attorney and the Plaintiff’s representative were at the two sales at the same time. The attorney announced to the public that the Sheriff’s sale of the two acre tract foreclosed by the Bank would not include the mobile home in spite of the description contained in the advertisement. Some argument was made by the Defendant’s attorney that the wording of the description was intended to exclude this particular mobile home.
The Plaintiff’s representative, it’s pastor, also took the position at the Sheriff’s sale that the mobile home was located on the one acre tract and that it had been in fact purchased by him when he purchased the one acre tract at the Sheriff’s sale of that tract, which had occured prior to the sale of the two acre tract. When the two acre tract came up for sale, he was making that position known. That is stating that he had purchased the mobile home with the one acre tract.
The Plaintiff had been negotiating with the Defendant to buy the two acre tract and shortly after the Sheriff’s sale a price was agreed upon. The Plaintiff and it’s attorney met with the President of the Defendant Bank and reached an agreement on the price. At that time the Plaintiff was insistent that the Bank convey all of the property described in it’s advertisement. It was agreed that the Plaintiff’s attorney would prepare the act of sale and that the Defendant would see about the necessary corporate resolution.
Thereafter, the Plaintiff brought the act of sale to the Defendant Bank to consúmate the agreement. The document conveying the two acre tract also described the mobile home by serial number and title was warranted in the act of sale. The real question in this case is to whether or not it was the intent of the parties that the title of the mobile home be warranted or that the Bank was simply conveying any interest it might have in the property because of the fact that the advertised description might have included the mobile home.
The resolution of the Bank under which it’s officer, Hobson, was to function, did not specifically describe the mobile home, although Hobson was given full general authority to act with respect of execution of an act of sale. This omission was noted by the Plaintiff’s representative who pointed it out to Hobson. Hobson did not know what action to take, but the Bank had taken the position that it did not own the trailer and could not convey it. Plaintiff’s representative insisted that the act of sale include the mobile home, according to Hobson, for his peace of mind. Hobson attempted to locate his attorney but, after failing to locate him or any other Bank official, Hobson simply had his secretary type the description of the mobile home in the corporate resolution. There is no evidence that this action was ever ratified by the Defendand Bank through it’s Board of Directors.
Plaintiff and Hobson completed the transaction and the Plaintiff took possession of the property, including the mobile *816 home. Approximately $1,000.00 was spent on improving the mobile home.
Shortly thereafter the mobile home was seized by the Sheriff under a foreclosure by the holder of the first chattel mortgage. By letter, the Plaintiff notified the Defendant and asked it to take action to comply with it’s warranty of title. The Defendant replied by letter denying that it had sold the mobile home to Plaintiff and denying that Defendant had ever owned it. Neither party did anything further and the mobile home was eventually sold by the Sheriff and moved from the premises.
The pertinent issues on appeal are first, whether the amended answer on the day of trial was properly allowed; second, whether parol evidence was admissible; and third, what is the proper measure of damages. All other issues briefed by appellant and appellee are factual issues which we are not able to review and therefore are not under consideration.[1]
Art. 1151 of the Code of Civil Procedure provides in part:
A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.
Defendant has amended its answer twice. The second amendment was offered the morning of trial and included an allegation of mutual error. Appellee has argued in its brief that the second amendment was improperly allowed. The standard by which we must review the granting of leave to amend is whether or not the trial judge abused his discretion. Brooks v. Fondren, 199 So.2d 588 (La.App. 3rd Cir. 1967); Wallace v. Hanover Insurance Company of New York, 164 So.2d 111 (La.App. 1st Cir. 1964).
The trial judge, in holding that the amendment is permitted, notes that he was influenced by Judge Albert Tate, Jr., in his writing on the subject.[2] In his article, Judge Tate says, “In permitting amendment or not, the most important consideration is whether the opponent is unfairly prejudiced.” In Wallace v. Hanover Insurance Company of New York, supra at p. 120, the court held that it was an abuse of discretion to allow an amendment where the other party did not have adequate time to prepare to meet the new issue or defense. The court there suggests that prejudice may be cured by a continuance. Judge Tate comments that the curative effect of a continuance must be balanced. against the prejudice caused by the delay, expense and confusion of a continuance. These factors, he suggests, “may outweigh the merit-justice interests which favor it [amendment].” [3]
The trial judge in the instant case noted that the issue of error had been raised earlier through the first amended answer such that plaintiff should be on notice that defendant was raising that defense. He also noted that plaintiff did not request a continuance. We also note that LSA-C. C.P. Art. 1154 provides in part:
If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be sub-served thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.
*817 We cannot find that the trial judge abused his discretion in allowing the defendant’s amendment alleging error.
Allegations in pleadings of error and fraud have long been held necessary by our courts to permit the introduction of parol evidence to modify or abrogate an authentic act. Nugent v. Stanley, 336 So.2d 1058 (La.App. 3rd Cir. 1976); Gulf States Finance Corp. v. Airline Auto Sales Inc., 248 La. 591, 181 So.2d 36 (1965); Baker v. Baker, 209 La. 1041, 26 So.2d 132 (1946). It is well settled that parol evidence is admissible to prove error. National Company v. Harper Aviation, Inc., 146 So.2d 13 (La.App. 4th Cir. 1962); Baker v. Baker, supra; Le Bleu v. Savoie, 109 La. 680, 33 So. 729 (1903).
The trial judge held that:
The description and inclusion of the mobile home was done at the Plaintiff’s request by way of a quit claim and that there was no intent by either party that the Bank warrant title to the mobile home. Apparently the Plaintiff was fearful that the Bank would make some claim to the mobile home because of the fact that it had included it in the advertisement, although the advertisement was repudiated orally at the Sheriff’s sale. By inclusion of the mobile home in the deed, the Plaintiff did obtain this protection fromthe Bank. The error and mistake involved was the inclusion of the mobile home within the warranty of the deed prepared by the Plaintiff. This was error because it contradicted Plaintiff’s position that it already owned the trailer. Request of warranty from the Defendant would acknowledge Defendant’s title, which Plaintiff did not wish to do. The resolution prepared by Defendant did not cover the mobile home.
As we noted before, we cannot review his conclusions except upon the facts recited by him. Based on those facts, we do not find manifest error such that we must reverse. Canter v. Koehring Co., 283 So.2d 716 (1973); Arceneaux v. Dominique, 365 So.2d 1330 (1978).
The trial judge awarded damages to plaintiff in the sum of $1,000 for repairs or improvements. He based his decision on “substantial justice” and his finding that defendant had contributed to the error. It appears that the trial judge resorted to Art. 21 of the Civil Code for an equitable remedy. We disagree.
From the factual findings we note that:
1. the plaintiff took the position that it had acquired the mobile home at the sheriff’s sale;
2. the trial judge concluded that price paid by plaintiff did not include the mobile home; and
3. the plaintiff knew the questionable status of the mobile home.
We believe that Civil Code Article 2505 applies. It provides:
Art. 2505. Restitution of price in case of eviction, exception. Even in case of stipulation of no warranty, the seller, in case of eviction, is liable to a restitution of the price, unless the buyer was aware, at the time of the sale, of the danger of the eviction, and purchased at his peril and risk.
On the basis of the factual findings and the application of Article 2505, nothing would be due the plaintiff. The defendant did not contribute to any loss suffered by the plaintiff either through the improvements made to the mobile home or by the fact that a third party had greater rights in the mobile home than the plaintiff.
For these reasons, the judgment of the trial court in favor of plaintiff is reversed and judgment is hereby entered in favor of defendant dismissing plaintiff’s suit. Costs of this appeal are assessed against plaintiff-appellee.
REVERSED AND RENDERED.

.The record before us does not contain either a transcript of testimony or a narrative of the facts. Therefore, we are unable to review the trial judge’s factual determinations and must assume that his determinations are supported by sufficient, competent evidence. Gulling v. E. I. DuPont de Nemours and Company, 228 So.2d 750 (La.App. 4th Cir. 1969); Hutcherson v. Welch, 316 So.2d 144 (La.App. 2nd Cir. 1975); Succession of Walker, 288 So.2d 328 (1974).

. Tate, “Amendment of Pleadings in Louisiana,” 43 Tuiane Law Review 211 (1969).

. Tate, supra at p. 219.