DOUCET, Judge.
In this suit partitioning community property, the husband appeals the classification of 84 acres of land as community, and the *1302 classification of a certifícate of deposit for $12,000.00 in the name of both husband and wife, as the separate property of the wife.
The parties herein were married on August 5, 1972. On October 4, 1972 Robert Baldwin’s grandfather donated unto him 4,300 shares of stock in Ambal Corporation, thereby making defendant the sole stockholder of the corporation which owned the 84 acres of land at issue herein. Subsequently, defendant needed capital for a private investment and secured a loan with First Homestead & Savings Association of New Orleans, using the 84 acres as security. On September 29,1976, Ambal Corporation, represented by Robert Baldwin, Jr., executed a cash sale of the 84 acre tract to First Homestead & Savings Association for a price of $75,000 cash. On the same date, First Homestead & Savings Association sold the 84 acres to Robert Baldwin, Jr. for the price of $75,000, represented by a promissory note in the amount of $75,000, secured by a first mortgage and vendor’s lien, granted by Robert Bruce Baldwin, Jr. in favor of First Homestead & Savings Association. The funds representing the $75,000 were paid to Ambal Corporation and deposited in its corporate bank account wherefrom a check was issued in exchange for a promissory note, payable to Ambal Corporation by Robert Baldwin, Jr. Thereafter the money was applied toward the parties’ investment in a subdivision development. The transaction was typical of homestead sale-resale security devices, except in one respect: the property was resold to a different legal entity — Robert Baldwin, Jr., individually, and not as President of Ambal Corporation. However, on April 6, 1979 an act of correction was executed by the Homestead and Robert Baldwin, Jr., both individually and as representative of Ambal Corporation, which was subsequently filed in the Clerk of Court’s records in and for the Parish of St. Tammany. In the said act it was acknowledged and declared that in the resale transaction an error was committed by placing title in the name of Robert Bruce Baldwin, Jr. instead of placing title in the name of Ambal Corporation through Robert Bruce Baldwin, Jr. as allegedly intended originally by the parties. Disputed is the legal effect and not the occurrence of these facts.
On February 17, 1977, the wife filed a petition for separation from bed and board and on June 16,1978, a judgment of separation was entered. Thereafter, on September 1, 1978, the wife filed a petition for partition of community property in St. Landry Parish, to which the husband responded with a declinatory exception of lis pendens, alleging that on August 21, 1978 a suit to partition community property had been filed in St. Tammany Parish. After a hearing on the matter, the said exception was denied.
At trial the husband claimed undivided ownership of the aforementioned 84 acres, and claimed that a certificate of deposit in the amount of $12,000, the funds for which were originally inherited by the plaintiff prior to marriage, had been converted into community property by the wife’s donation, as evidenced by transfer of the certificate into an account in the name of both husband and wife and the appellant’s subsequent pledge of same for a community debt. The wife claimed that the transaction with the Homestead Association resulted in the land becoming community property because of the different legal entity listed as vendee in the resale and the lack of a double declaration demonstrating that the purchase was made with the separate funds of the husband and that it was intended to benefit his separate estate. Furthermore, she asserted that the act of correction could not prejudice her rights acquired during the interim. The trial court agreed, finding that a deliberate transfer of the 84 acres from Ambal Corporation to Robert Bruce Baldwin, Jr. had occurred, that the subsequent act of correction was of no effect, and stated in its reasons for judgment that Homesteads simply do not make mistakes. In accordance with its finding that because of the absence of the double declaration in the sale from the Homestead to Robert Baldwin, Jr., the acreage was community property. The mortgage granted to the Homestead in the sum of $75,000 was held to be a community *1303 debt. Additionally, the trial court found the case of Owens v. Owens, 259 So.2d 454 (La.App.3rd Cir. 1972) to be dispositive of the characterization of the certificate of deposit and, accordingly, deemed it to be the separate property of the wife.
From these adverse rulings the husband has appealed, assigning numerous errors, all of which relate to the trial court’s characterization of the above two items of property.
Appellant contends that he was never divested of full ownership of the land by the sale-resale transaction, and that if he was, the error of the Homestead in listing him as vendee in the resale should not be imputed to him, but instead the error was cured retroactively by the subsequent act of correction. In support of his proposition that the transaction was merely a security device, and not an indirect donation to his spouse, the appellant notes that the property was valued in the inventory at $298,-000.00 whereas the loan secured was only $75,000.00, and there was no joint conveyance in the act of resale. In response to the trial court’s reasoning, the appellant asserts that to err is human and to attribute a Homestead with attributes greater than human is contrary to common sense.
Neither party denies that, in the absence of additional circumstances, property brought into a marriage or subsequently inherited by one of the spouses is separate property. La.Civil Code art. 2334. Appel-lee places reliance upon the presumption created in Civil Code art. 2402 that property acquired during the marriage is presumed to part of the community of acquets and gains. However appellee admits that a sale-resale transaction is a recognized exception to the judicial requirement of a double declaration necessary for a husband to acquire property for the benefit of his separate estate. Ruffino v. Hunt, 234 La. 91, 99 So.2d 34 (1958); Bagala v. Bagala, 237 La. 60, 110 So.2d 526 (1959); Fontenot v. Fontenot, 339 So.2d 897 (La.App. 3rd Cir. 1976); Cookmeyer v. Cookmeyer, 274 So.2d 739 (La.App. 4th Cir. 1973); Baker v. Baker, 209 La. 1041, 26 So.2d 132 (1946).
In the Barker case the husband had executed a deed prior to marriage under the mistaken belief it was a mortgage intending it as security for a loan only. After the parties were married a deed reconveying the property to the husband was executed. Upon divorce the wife attempted to show that the land involved was community property as the subsequent deed contained no recital of the requisite double declaration. The Supreme Court held that parol evidence was admissible to show the first deed was executed in error and that he had never parted with title, thus the reconveyance was not an acquisition. The court further held that the wife was “not a third party relying on the faith of the public records, since she did not acquire the property by purchase or any other way, and any rights that she must have had therein must necessarily flow from, and be determined by, an acquisition by her husband of the property during the existence of the community of acquets and gains between them.” 26 So.2d at 136. And in the Cookmeyer case the wife claimed interest in property because she and her former spouse had been engaged in a joint venture relating to the property, as here, and because a sale to and resale from a homestead did not contain a double declaration, the property was converted from separate to community. The court disagreed with both contentions, finding that there was no evidence of intent on behalf of the husband to make a donation and that the transaction was a pignorative contract which did not alter the separate nature of the husband’s property.
We find that the land was at all times the separate property of the husband. The sale-resale did not alter that status as the husband, the corporation being his alter ego, acquired nothing after the transaction that he did not own prior thereto. The record is absolutely devoid of any donative intent on behalf of the husband, instead the evidence shows that the sale-resale was intended as a security device. It is indeed improbable that a husband would attempt a donation by omission of a double declaration. Furthermore, the authentic act of *1304 correction is full proof of the contents contained therein. The wife is not a third party relying on the public records whose rights were affected by the act of correction. Although appellant’s contention that the double declaration rule violates the equal protection provisions of both Article 1, § 3 of the Louisiana Constitution of 1974 and the 14th Amendment of the United States Constitution may have merit, we need not address same because of the result reached herein.
It is hereby ordered that the 84 acres involved here be decreed to be the separate property of the appellant, Robert Baldwin, Jr.
Having concluded that the land was at all times the separate property of the husband, the mortgages granted to First Homestead & Savings Association must be considered a separate debt of the husband.
As to the trial court’s finding that the certificate of deposit was the separate property of the plaintiff, we affirm for the aforesaid reasons assigned by the trial judge. Additionally, the donation of an incorporeal movable requires authentic act. See Succession of Miller, 405 So.2d 812 (La.1981).
For the reasons assigned the judgment appealed from is reversed in part and affirmed in part. All remaining issues ancillary to the above are remanded for consideration consistent with this opinion.
REVERSED AND REMANDED IN PART; AFFIRMED IN PART.