LOTTINGER, Chief Judge.
This appeal concerns the effect of an erroneous recordation of a judgment, prior to the dissolution of the community, on community property awarded to the non-debtor spouse.
FACTS
The facts are not in dispute. Leo Huner-jager and Jean Lockwood were married on December 7, 1962. In 1977 Leo and Jean purchased a piece of immovable property. *341 In April of 1981 Leo Hunerjager executed a note in favor of the Bank of West Baton Rouge (the Bank) for a debt unrelated to the immovable. In February of 1988, prior to the couple’s divorce which took place in May of 1983, the Bank attained a judgment against Lee Hunerjager in the amount of $8,232.83 and recorded said judgment in East Baton Rouge Parish. A division of property was effectuated in August of 1984, and Jean Lockwood Kelly (Kelly) received full ownership of the immovable at issue. Upon attempting .to sell the immovable in 1992 a title examination revealed the judgment against Lee Hunerjager causing the sale to be aborted.
Jean Lockwood Kelly filed a petition seeking a declaratory judgment declaring the immovable to be free and clear of the judicial mortgage. The Bank subsequently brought suit seeking to amend the judgment to reflect the correct name “Leo Hunerjager” and to revive the judgment. The cases were consolidated. A summary judgment was granted in favor of the Bank and Jean Lockwood Kelly appeals.
ASSIGNMENT OF ERROR
In appealing, Mrs. Kelly contends the trial judge erred in finding that Jean Lockwood Kelly, appellant, was not a “third party” and, therefore, not entitled to the protection of the public records doctrine.
DISCUSSION
The crux of Mrs. Kelly’s argument is that she is entitled to the status of a third party, and as such, under La.R.S. 9:2722 and the related jurisprudence, a judgment recorded under an erroneous name has no effect on the rights she acquired through the community property settlement.
The Bank argues that a wife is not entitled to third party status as her rights did not flow from a purchase and under community property law an obligation created during the community may be enforced against community property even after a property settlement has occurred.
La.R.S. 9:2722 states:
Third persons or third parties so protected by and entitled to rely upon the registry laws of Louisiana now in force and effect and as set forth in this Chapter are hereby redefined to be and to include any third person or third party dealing with any such immovable or immovable property or acquiring a real or personal right therein as purchaser, mortgagee, grantee or vendee of servitude or royalty rights, or as lessee in any surface lease or leases or as lessee in any oil, gas or mineral lease and all other third persons or third parties acquiring any real or personal right, privilege or permit relating to or affecting immovable property.
Based on this statute and Metairie Bank and Trust Company v. Wendryhoski, DeBlanc, and Associates, 338 So.2d 978 (La.App. 4th Cir.1976), writ granted 341 So.2d 414 (La.), appeal dismissed, 345 So.2d 498 (La.1977), the plaintiff contends that the erroneous recordation deprives the bank of its lien. In Metairie Bank and Trust, the bank recorded a judgment against Ralph Diaz. Subsequent to the recordation, an immovable recorded in the name of Rafael Eduardo Diaz was declared, by a recorded counter-letter, to be the separate property of Diaz’s wife as it was acquired with funds which were her separate property. The court held that the judgment recorded in the name of Ralph Diaz was ineffective as to third parties against property registered in the name of Rafael Eduardo Diaz. The court found the wife to be a third party and that she took the property free of the lien upon recordation of the counter-letter.
The present case is distinguishable from Metairie Bank and Trust. In the present ease there is no contention that the property was ever the separate property of the wife. In fact, the plaintiff acknowledges that the property was community and does not dispute the classification of the debt as community. According to La.Civ.Code art. 2357, an obligation incurred during the community may be satisfied after termination of the regime from property of the former community.
The plaintiff acquired ownership of an undivided one-half of the immovable when it *342 was initially purchased during the marriage. She acquired the remainder upon the settlement of the community property. The public records doctrine is intended to protect third parties who acquire an interest in immov-ables from any unrecorded or erroneously recorded claims against that property. In this ease the property is subject to claims against the community regardless of their recordation, thus, the plaintiff receives no protection from the public records doctrine. This holding is consistent with jurisprudence finding that a wife is not a third party with respect to the public records doctrine. Baker v. Baker, 209 La. 1041, 26 So.2d 132 (1946); Bordelon v. Bordelon, 499 So.2d 1050 (La.App. 3rd Cir.1986); Doherty v. Baldwin, 405 So.2d 1301 (La.App. 1st Cir.1981).
By recording the claim, the Bank attempted to perfect a lien against the property which would be enforceable even if the property were sold to a third party. By amending their recordation of judgment the Bank accomplished this goal.
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.
WHIPPLE, J., concurs.