ODOM, Justice.
 

 Plaintiffs appealed from a judgment dismissing their suit on exception of no cause of action.
 

 They allege that they are children and sole heirs of their mother, Mrs. Margaret Porterfield Hinson; that their father, Joseph Porterfield, died “many years ago,” that their mother married William T. Hinson in 1879, and that there were no children of. that marriage; that, in the year 1889, their mother and their stepfather acquired by homestead a forty-acre tract of land, which was sold by their stepfather on April 18, 1891, while their mother was living; and that the deed was not recorded until after their mother’s death. They allege that, because the deed was not recorded until after their mother’s death, it had no effect as to them; they being “third persons” in the sense that term is used in articles 2246, 2264, 2266, and 2442 of the Revised Civil Code, which provide that sales and contracts affecting immovable property shall not affect third persons unless recorded as provided by law.
 

 They allege that they acquired an undivided onerhalf interest .in the* land by inheritance from their mother and pray that they be recognized as owners and sent into possession.
 

 The judgment sustaining defendants’ exception of no cause of action is correct. The reason is plain. The property belonged to the community which existed bétween plaintiffs’ mother and their stepfather, Hinson. Hinson sold it while plaintiffs’ mother was living. Under article 2404 of the Revised Civil Code, the husband may alienate community property by onerous title “without the consent and permission of his wife.”
 

 By making the sale, Hinson divested both himself and his wife of all title to,the property. Therefore, when plaintiffs’ mother died, she owned no interest in the land and could transmit none to her heirs.
 

 Counsel for plaintiffs argue that, because the deed was not recorded until after the death of their mother, it had no effect as to them. There is no merit in the argument. The articles of the Code cited above plainly state that, whereas unrecorded acts conveying immovable property do not affect third persons, they do affect, and are binding upon, the parties to them. 'Plaintiffs’ mother was bound by the deed made by her husband, although unrecorded, up to the moment of her death, and plaintiffs’ rights as heirs arose and were fixed at that moment. Plaintiffs are not “third persons,” as that term is used in the Code.
 

 
 *723
 
 But, aside from this, ■ article 2442 of the Revised Civil Code says that want of registry cannot be pleaded either by the parties to the acts or by their heirs.
 

 The judgment is affirmed.