STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

03-623

SUCCESSION OF CLIFTON J. DEROUEN

VERSUS

EUGENE DEROUEN AND LINDA CANNON

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 39,013
HONORABLE DAVID PAINTER, DISTRICT COURT JUDGE

**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Glenn B. Gremillion, and
Elizabeth A. Pickett, Judges.

**Thibodeaux, C.J., dissents and assigns written reasons.**

AFFIRMED AND REMANDED.

Thomas M. Bergstedt
Felton Paul Leger
Brian W. Arabie
Bergstedt & Mount
1011 Lake Shore Dr., Ste 200
Lake Charles, LA 70601
Telephone: (337) 433-3004
COUNSEL FOR:
     Appellee - Deborah H. Derouen

**Andre' Joseph Buisson**
**Woodley, Williams, etc.**
**P. O. Box 3731**
**Lake Charles, LA 70602**
**Telephone:  (337) 433-6328**
**COUNSEL FOR:**
     **Appellee - Donald K. Derouen**

**Timothy O'Dowd**
**921 Ryan St.**
**Lake Charles, LA 70601**
**Telephone:  (337) 310-2304**
**COUNSEL FOR:**
     **Appellant - Eugene Derouen and Linda Cannon**

GREMILLION, Judge.

In this succession case, the trial court found that a clause in the testator's will, which provided that his son was to receive a particular legacy of "an extra portion . . . [of] an interest in [his] property equal to 15 acres of his choice," was valid and refused to nullify the will. For the following reasons, we affirm and remand for further consideration.

**FACTS**

Clifton J. Derouen executed his last will and testament on August 6, 1999; he died on June 22, 2000. He had four children: Donald K. Derouen, Jarrett B. Derouen, Eugene C. Derouen, and Linda Derouen Cannon. In Section IV of his will, Clifton left a particular legacy to Jarrett that provided as follows:

> As an extra portion, not subject to collation, I give and bequeath to my son, Jarrett B. Derouen, an interest in my property equal to 15 acres of his choice.

Both Jarrett and Donald were appointed co-executors of their father's estate (Clifton Estate). Jarrett and Donald acted together in administering the estate until Jarrett's death on October 17, 2000. After Jarrett's death, Donald was confirmed as the sole executor of the Clifton Estate. Jarrett died before he exercised his choice as provided in Section IV of Clifton's last will and testament.

Deborah Derouen, the widow and executrix of Jarrett's estate, notified Donald that she, as Jarrett's successor, selected the fifteen acres of land as provided in Section IV of Clifton's last will and testament as Jarrett's choice. Thereafter, Linda and Eugene filed a petition to nullify Clifton's last will and testament. Deborah claims that Section IV of the last will and testament is still valid and that she should

1

be allowed to make the choice that belonged to Jarrett prior to his death. Donald, as the sole executor of the Clifton Estate, sought a declaratory judgment on the issue of whether Section IV is nullified because the legatee is deceased. After a trial on the merits, the trial court found that the provision bequeathing fifteen acres of land to Jarrett was valid as written, which allowed Jarrett's heirs the right to choose that which was originally given to Jarrett in Section IV of Clifton's last will and testament. From this judgment, Linda and Eugene appeal.

## ISSUES

An issue in this case is whether a section of a last will and testament that gives an heir and co-executor of the estate an extra portion and power to choose an interest in the estate equal to fifteen acres of property is null where that heir died prior to making such choice. The second issue is whether the authority to make the selection of property shifts to the surviving executor of the estate, if the section in question is not nullified.

## LAW AND DISCUSSION

In interpreting a will, the courts in Louisiana are guided by La.Civ.Code arts. 1611 through 1616. These articles provide that the court must ascertain the intent of the testator and that the testator's intent must be given effect. La.Civ.Code arts. 1611, 1612. "The above cited code articles direct us to interpret a testament in a way that furthers, rather than frustrates, the testator's lawful intent." *Morgan v. Leach*, 96-173, p. 5 (La.App. 1 Cir. 9/27/96), 680 So.2d 1381, 1384. "The cardinal principle of the interpretation of acts of last will is to ascertain and honor the intent of the testator ascribing meaning to a disposition so that it can have effect." *Lingo v. Courmier*, 95-

2

542, p. 3 (La.App. 3 Cir. 11/2/95), 667 So.2d 1091, 1093, *writ denied*, 96-795 (La. 5/10/96), 672 So.2d 925.

> In interpreting these articles, the courts endeavor to ascertain the testator's intention, and all other rules of construction are only means to that end. The Supreme Court has indicated that the function of the courts is to carry out the intention of the testator and effect should be given to all language contained in the will if possible.

*Succession of Bel*, 377 So.2d 1380, 1383 (La.App. 4 Cir. 1979). When the words of the testament are plain and unambiguous, the testator's intent should be ascertained from the language used in the testament, giving the words used their usual significance. *Succession of Vatter,* 192 La. 657, 188 So. 732 (1939). The language used in the testament "must be understood according to its common, popular acceptation." *Id*. at 668, 736. If the language of the testament is clear, its letter is not to be disregarded under the pretext of pursuing its spirit. La.Civ.Code art. 1611. The language, as well as Clifton's intent, is plain and unambiguous. Clifton sought to give Jarrett an extra share of his property, of Jarrett's choosing.

The provision in Clifton's will at issue is in Section IV that gives Jarrett an interest in property equal to fifteen acres *of his choice*. Appellants first argue that Section IV violated La.Civ.Code art. 1572 because the testamentary disposition in Section IV was committed to Jarrett's choice, a third person to the will. Louisiana Civil Code Article 1572 provides in pertinent part:

> Testamentary dispositions committed to the choice of a third person are null, except as expressly provided by law. A testator may delegate to his executor the authority to allocate specific assets to satisfy a legacy expressed in terms of a value or a quantum, including a fractional share.

3

Additionally, appellants argue that, even if Jarrett is not a "third person" to the will, Article 1572 was still violated because Section IV left it to only one of two of the executors of the estate to make a distribution of property.

Initially, we shall determine if Jarrett is a third party to the will as it relates to this particular bequest. We note that Jarrett is both a legatee and a succession representative under the will. In that regard, Deborah contends that, because Section IV of the will is a particular legacy, Article 1572 and La.Code Civ.P. art. 3192 (which provides for the duties and powers of multiple succession representatives) are inapplicable to Clifton's bequest to Jarrett. To support her position that Jarrett, as a legatee, is not a third party to the will, she cites four cases.

First, in *Fontenot v. Fontenot,* 339 So.2d 897 (La.App. 3 Cir. 1976), *writ denied,* 342 So.2d 217 (La.1977), the issue involved whether the failure of the deceased to properly record a notarial adoption nullified the adoption, thereby allowing only the children of the deceased from a previous marriage, who were not adopted, to inherit as forced heirs from the deceased's estate. The court, in a footnote, concluded that, under these particular facts, with respect to the public records doctrine, legal heirs are not generally regarded as third persons in the law. *Id.* at 904, n.1. While the facts and issue in *Fontenot* are dissimilar to those in the case sub judice, the case does demonstrate that, if heirs were third parties, they could have relied on the public records doctrine and defeated the adopted daughter's claim to be a forced heir.

Likewise, in *Haggard v. Rushing,* 76 So.2d 52 (La.App. 2 Cir. 1954), the issue was a matter of whether the heirs were third persons with respect to the public records doctrine. In *Haggard,* the deceased, prior to his death, executed a document

4

in favor of Rushing authorizing him to use the surface of a piece of property for a fence. The deceased did not record this document. Upon Haggard, Sr.'s death, his children were placed in possession of his land and recognized as the owners. After a discussion on the interpretation of contracts, the court concluded that Haggard, Sr. gave Rushing a usufruct over the property. The children then claimed that, because that usufruct was not recorded, they were not bound to honor the contract as third parties. The court held that, as heirs of Haggard, Sr., they were bound by contracts made by him and, in that sense, they were not third parties. Again, while the facts of this case are not "on all fours" with Deborah's position that Jarrett was not a third party to his father's last will and testament, it demonstrates that heirs are not considered third parties in these instances. The last two cases cited by Deborah, *Porterfield v. Parker*, 189 La. 720, 180 So. 498 (1938), and *Green v. McDade*, 17 So.2d 637 (La.App. 2 Cir. 1944), also pertain to the definition of a "third person" with respect to heirs and the public records doctrine and will not be discussed in detail in this opinion. However, the cases provide some guidance for our analysis and mitigate to the finding that legatees are not third parties to wills.

We have found no jurisprudence that directly addresses the issue that we are faced with in the instant case, that is, whether under Article 1572, an heir and/or particular legatee is a "third person" to whom a testamentary disposition is committed making that portion of the testament null and void.

In *Tel-American, L.L.C. v. Columbia Telecommunications, Inc.*, 00-1989, p. 3 (La.App. 4 Cir. 5/16/01), 789 So.2d 627, 629, our colleagues of the fourth circuit discussed the following with respect to defining "third party:"

5

"Third party" is a term of art. *Black's [L]aw Dictionary,* Sixth Edition, defines "Third party":

> One not a party to an agreement, a transaction, or an action
> but who may have rights therein

> This is consistent, for example with Chapter 7 of Title IV of the Louisiana Civil Code (Art. 1978, et seq.) entitled, "Third Party Beneficiary."

> [La.Civ.Code] art. 3506(32) [in Title XXV. Of the Signification of Sundry terms of Law Employed in This Code] defines "Third Persons" as:

> With respect to a contract or judgment, third persons are all
> who are not parties to it. . . .

The court goes on to note that the "definition of 'third party' or 'third person' as one not a party to an agreement is so time honored and universal that the courts of this state do not even feel it necessary to define the term when employing it." *Id.*

At the outset, one would *not* consider the legatee a third party to a donation mortis causa in the same sense that one would *not* consider a vendee or donee a third party to their respective agreements or transactions. The legatee is "a party to an agreement, a transaction, or an action," who has "rights therein." *Id.*

Further, there is no definition of a third person in Article 1572. However, Comment (a) to the article sheds light on the meaning of the phrase "choice of a third person." It reads:

> The source of this Article is Article 1573 of the Civil Code of 1870, which originally provided that "the custom of willing by testament, by the intervention of a commissary or attorney in fact, is abolished." In 1982 the article was amended to grant a testator limited power to delegate authority to an executor to select assets to distribute in satisfaction of certain legacies. The 1982 amendment to Article 1573 has been preserved and significantly expanded to permit the delegation of authority to an executor to select assets to distribute in all instances where the legacy of the share of the estate is designated by quantum or

value. The revision clarifies that "quantum" includes fractional shares, such as one-fourth or one-half of something, and intentionally removes the language in Article 1573 (1870) that limits the ability to delegate such authority to the instances where the designation of the quantum or value is made "either by formula or by a specific sum". This article permits delegation of authority in all instances where the legacy is a quantum or value, whether or not the bequest is by formula or by specific sum.

It is clear from the comment and the history of this article that former Article 1573 did away with the testator's ability to appoint a third party, such as a commissary or attorney-in-fact, to decide the provisions of the will. Such is not the case at hand. Jarrett was a legatee and a party to the will and not a commissary or attorney-in-fact.

Moreover, granting a legatee the choice of certain assets is not in contravention of any of the rules for donations mortis causa. In *Succession of Meeks*, 609 So.2d 1035 (La.App. 2 Cir. 1992), *writ denied,* 612 So.2d 86 (La.1993), the testator left to her nephew "twenty-five thousand together with the contents of my home and *any other personal belongings of his choice* which I shall own at the time of my death." She left the remainder of her property to a church. The issue was whether the terms "and any other personal belongings" constitutes a bequest of the decedent's entire estate to the nephew. The court held that the term "personal belongings" did not include financial assets and business property, but things that the testatrix had some intimate relation to such as household items, jewelry, her vehicle, etc. Thus, the court found that the church was the universal legatee of the remainder of the estate. Although not stated, it is implied that, as the universal legatee, the church would receive all of the non-personal belongings *and the personal items that remained after the nephew made his choice of items that he wanted.*

7

Accordingly, we find that Jarrett was not a third party to the will and that Article 1572 is not applicable to the instant case. We affirm the trial court's finding that the will was valid.

## EFFECT OF JARRETT'S DEATH

Since the will is valid, Jarrett inherited his choice of fifteen acres from his father. The question now presented is whether Deborah, as Jarrett's executrix, can make that choice. For this issue, the comments to La.Civ.Code art. 1586 provide some guidance. Comment (e) states, "An executor may be given the power to select assets to satisfy a general legacy without changing the nature of the legacy. See Civil Code Articles 1302 and 1725 (1870) and Article 1571 of this revision." La.Civ.Code art. 1302 (1870) reads in part (emphasis added):

> There is no occasion for partition, if the deceased has regulated it between his lawful heirs, or strangers, or *if the deceased has expressly delegated the authority to his executor to allocate specific assets to satisfy a legacy expressed in terms of a quantum or value*; and in such case the judge must follow the will of the testator or his executor.

Further, Article 1725 provides: "If a testator has designated the *quantum* or value of his estate which he bequeaths to a legatee either by formula or by specific sum, *he may expressly delegate to his executor the authority to select assets to satisfy the quantum or value.*" (Emphasis added). Finally, Article 1572 allows a testator to *"delegate to his executor the authority to allocate specific assets to satisfy a legacy expressed in terms of . . . a quantum,* including a fractional share." Clearly, the law provides that an executrix may "allocate" and "select" assets to satisfy a legacy expressed in a quantum; *i.e.*, fifteen acres of his choice.

8

However, the record does not contain a copy of Jarrett's testament nor was any testimony adduced at trial as to its contents. Accordingly, we must remand this case to the trial court to determine if Jarrett *expressly delegated* the authority to choose the certain acres to fulfill his legacy to the executor of his estate, Deborah. She may have been given the authority to choose the acres while another person(s) was named the legatee. If the testament does not expressly delegate the power to choose the acres to the executrix, but Deborah is the heir, she may choose the particular acres as an heir, a position which would not conflict with her role as executrix. If Jarrett did not expressly delegate the authority to choose, then the property devolves in the manner he expressly provided for and his heirs inherit the right to choose the fifteen acres.

**CONCLUSION**

For the above reasons, the judgment of the trial court regarding the nullity of Section IV of Clifton Derouen's last will and testament is affirmed in all respects. This case is remanded to the trial court for further consideration. The costs of this appeal are taxed against the defendants-appellants, Eugene Derouen and Linda Derouen Cannon, in solido.

**AFFIRMED AND REMANDED.**

9

SUCCESSION OF CLIFTON J. DEROUEN

VERSUS

EUGENE DEROUEN AND LINDA CANNON

THIBODEAUX, J., dissenting.

We all agree on the law which is to be applied; my disagreement focuses on the interpretation of the various codal provisions. Indeed, La.Civ.Code arts. 1611-1616 focus on the intent of the testator. As the majority points out, we must focus on the *lawful* intent of a testator. Clifton sought to give his son, Jarrett, an extra portion of his property. Nothing, of course is wrong with this. But, it must be done correctly. The problems are that Jarrett is a third person to the will, the provision attempting to give him an extra portion is ambiguous, and the will did not specifically delegate to Jarrett the authority to allocate as executor of Clifton's estate.

The jurisprudence relied upon by the majority does not support its position. For instance, in *Fontenot v. Fontenot*, 339 So.2d 897 (La.App. 3 Cir. 1976), *writ denied*, 342 So.2d 217 (La.1977), the court, in a footnote, concluded that under the particular facts of that case, legal heirs are not generally regarded as third persons in the law *with respect to the public records doctrine*. *Fontenot* at 904, n.1. Because the facts and the issue in *Fontenot* are so dissimilar to the facts and issue in this case, the court's holding in *Fontenot* is not dispositive of the issue in here. Likewise, in *Haggard v. Rushing*, 76 So.2d 52 (La.App. 2 Cir. 1954), the public records doctrine

was implicated. Again, the facts do not support Deborah's position that Jarrett is not a third party to his father's last will and testament. The last two cases, *Porterfield v. Parker*, 180 So. 498 (La.1938) and *Green v. McDade*, 17 So.2d 637 (La.App. 2 Cir. 1944) also pertain to the definition of a "third person" with respect to heirs and the public records doctrine. The public records doctrine is not an issue in this case. The majority's reliance on these cases is misplaced.

Neither side contests the indisputable fact that Jarrett was not a party signatory to Clifton's last will and testament. Only the testator, Clifton, signed the will. To the extent that jurisprudence is persuasive authority under Louisiana's civil law system, my interpretation of and reliance upon *Tel-American, L.L.C. v. Columbia Telecommunications*, 00-1989, (La.App. 4 Cir. 5/16/01), 789 So.2d 627, is different than that of the majority's. In *Tel-American*, the fourth circuit explained:

> "Third party" is a term of art. *Black's [L]aw Dictionary*, Sixth Edition, defines "Third party":
>
> > One not a party to an agreement, a transaction, or an action but who may have rights therein
>
> This is consistent, for example with Chapter 7 of Title IV of the Louisiana Civil Code (Art. 1978), et seq.) entitled, "Third Party Beneficiary."
>
> [La.Civ.Code] art. 3506(32) [in Title XXV. Of the Signification of Sundry terms of Law Employed in This Code] defines "Third Persons" as:
>
> > With respect to a contract or judgment, third persons are all who are not parties to it. . . .

*Id*. at 629.

The court goes on to note that the "definition of 'third party' or 'third person' as one not a party to an agreement is so time honored and universal that the courts of this state do not even feel it necessary to define the term when employing it." *Id*.

2

Deborah argues that even if Jarrett is considered a third person to Clifton's last will and testament, that Jarrett, as executor, had "authority to allocate specific assets to satisfy a legacy . . ." under La.Civ.Code art. 1572. However, Clifton's will did not specifically delegate to Jarrett the allocation authority as executor of his estate. Clifton's will merely named Jarrett as co-executor with his brother, Donald. Moreover, even if Jarrett could have made the allocation to himself as co-executor of his father's estate, he failed to do so prior to his death. Thus, this argument is without merit. Section IV of Clifton's last will and testament violated the provisions of La.Civ.Code art. 1572 and is, therefore, null.

Furthermore, even if Jarrett, as a legatee to the last will and testament of his father is not a "third person" as provided in La.Civ.Code art. 1572, Section IV of the testament is still invalid. The only unambiguous part of the bequest is that Jarrett was to receive an extra portion. Clifton wished to bequeath to Jarrett "an interest." It is unclear what type of interest he intended to give to Jarrett. Further, the bequest states that the "interest" is in "[Clifton's] property." The bequest fails to state what type of property, whether movable or immovable. Last, the "interest" in "property" given to Jarrett is the equivalent of "15 acres." It is unclear whether the value of whatever "interest" in whatever "property" is to equal the value of "15 acres" or whether Jarrett is to choose fifteen acres of land. It is plausible that Clifton intended that Jarrett receive cash or other property equal to the value of fifteen acres of land which he would choose rather than the actual land.

For the foregoing reasons, I dissent.