982 So.2d 143 (2008)
Succession of Arthur J. SIMONSON.
No. 07-CA-742.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
Kenneth E. Pickering, Pickering & Cotogno, New Orleans, LA, for Plaintiff/Appellant.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and GREG G. GUIDRY.
MARION F. EDWARDS, Judge.
Michael Joseph Simonson and Daniel Patrick Simonson ("Michael and Daniel Simonson") appeal a judgment of the district court denying a Judgment of Possession and Order of Probate. The testator, Arthur J. Simonson ("Mr. Simonson"), executed a statutory will on July 13, 1995. Mr. Simonson passed away on May 6, 2006. An unopposed Petition to File and Execute Statutory Testament and for Possession of Estate was filed on May 31, 2007.
The will stated that Mr. Simonson was divorced from his first wife, with whom he had adopted four children and was presently married to his second wife. Michael and Daniel Simonson were the offspring of this second marriage and to them Mr. Simonson left his entire estate, or the maximum allowed by law, to be administered by the Arthur Simonson Trust ("the Trust"). The terms of the Trust were set up in the will, and named Don Fontcuberta ("Mr. Fontcuberta") as Trustee and Succession Executor. In case of Mr. Fontcuberta's death, Claudia Sue Dunn ("Ms. Dunn") was named as Successor Executor.
The petition filed by appellants avers that both Mr. Fontcuberta and Ms. Dunn were deceased. Michael and Daniel Simonson urged that formal administration of the estate was unnecessary and asked to be recognized as sole surviving heirs and entitled to an undivided one-half interest in the trust. They asked to be placed into possession of all property and that Mr. *145 Simonson's attorney be appointed as trustee. Attached to the petition was a copy of the will, along with the appropriate verifications, Affidavit of Death and Heirship, Sworn Detailed Descriptive List, and tax receipt.
The district court ex parte denied an order to execute the testament and a judgment of possession, finding that the will was invalid as it was not signed on page 6, nor at the end of the will. Michael and Daniel Simonson appeal. For the following reasons, we reverse the judgment denying possession and order of probate.
LSA-R.S. 9:2442 was in effect at the time the present will was confected, and states:
B. The statutory will shall be prepared in writing and shall be dated and executed in the following manner:
(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his last will and shall sign his name at the end of the will and on each other separate page of the instrument.
(2) In the presence of the testator and each other, the notary and the witnesses shall then sign the following declaration, or one substantially similar: "The testator has signed this will at the end and on each other separate page, and has declared or signified in our presence that it is his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names this __ day of ____, 19 ___."
LSA-C.C. art. 1577, enacted in 1997, is similar to LSA-R.S. 9:2442, which was repealed effective July 1, 1999 and which had established the form for a statutory will. The article reproduces the substance of LSA-R.S. 9:2442 and does not change the law.
Here, Mr. Simonson signed each page of the testament except page 6, including the last page. His signature on the last page was after the attestation clause. A statutory will is not formally invalid under LSA-R.S. 9:2442 or LSA-C.C. art. 1577 even though the testator's signature at the end of the instrument is located after the attestation clause.[1]
Mr. Simonson's signature is absent from page 6 of this 7-page instrument. The Official Notes to LSA-C.C. art. 1577 state that "The testator is disposing of property, appointing an executor, or making other directions in the body of the testament itself. He need only sign at the end of the dispositive, appointive or directive provisions." The unsigned page in the instant matter relates solely to the powers of the trustee to make disclaimers, invest in tax exempt securities, and have certain powers regarding transactions between the estate and the trust. The Louisiana Supreme Court has discussed the formal requirements of a statutory will as follows:
But we are not required to give the statutory will a strict interpretation. The Legislature adopted the statutory will from the common law in order to avoid the rigid formal requirements of the Louisiana Civil Code. "The minimal formal requirements of the statutory will are only designed to provide a simplified means for a testator to express his testamentary intent and to assure, through his signification and his signing in the presence of a notary and two witnesses, that the instrument was intended to be his last will." Succession of Porche v. Mouch, 288 So.2d 27, 30 *146 (La.1973). In accordance with this legislative intent, courts liberally construe and apply the statute, maintaining the validity of the will if at all possible, as long as it is in substantial compliance with the statute. In deciding what constitutes substantial compliance, the courts look to the purpose of the formal requirementsto guard against fraud.
Where the departure from form has nothing whatsoever to do with fraud, ordinary common sense dictates that such departure should not produce nullity. It was the intent of the legislature to reduce form to the minimum necessary to prevent fraud. It is submitted that in keeping with this intent, slight departures from form should be viewed in the light of their probable cause. If they indicate an increased likelihood that fraud may have been perpetrated they would be considered substantial and thus a cause to nullify the will. If not, they should be disregarded. Thus testators and estate planners will have the security that the legislature intended to give them.[2]
Here, there are no allegations of fraud. There were no critical provisions on page 6. Mr. Simonson signed at the end of each dispositive, appointive, or directive provision in the testament. Where the departure from form has nothing whatsoever to do with fraud, ordinary common sense dictates that such departure should not produce nullity, although the unsigned page must be deemed invalid. However, we agree with the Succession that the invalidation of the unsigned page would not inhibit the faithful execution of Mr. Simonson's dispositive intent or require nullification of the will in its entirety. It is well-settled that the invalidity of a portion of a will does not invalidate the will in its entirety.[3] LSA-C.C. arts. 1611 through 1616 provide that the court must ascertain the intent of the testator and that the testator's intent must be given effect. LSA-C.C. arts. 1611 and 1612 direct us to interpret a testament in a way that furthers, rather than frustrates, the testator's lawful intent.[4] The cardinal principle of the interpretation of acts of last will is to ascertain and honor the intent of the testator ascribing meaning to a disposition so that it can have effect.[5]
Based on the applicable law and jurisprudence, we find the trial court erred in denying probate and in denying the judgment of possession. The matter is reversed and remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] See, Succession of Dugas (La.App. 4 Cir. 1981), 400 So.2d 333, writ denied, 404 So.2d 1257.
[2] Succession of Guezuraga, 512 So.2d 366, 368 (La. 1987) (citations omitted).
[3] Succession of Reynolds, 224 La. 975, 71 So.2d 537, 541 (1954); Succession of Hackney, 1997-859 (La.App. 3 Cir. 2/4/98), 707 So.2d 1302, writ denied, XXXX-XXXX (La.4/24/98), 717 So.2d 1172.
[4] Derouen v. Derouen, 2003-623 (La.App. 3 Cir. 1/28/04), 865 So.2d 940, writ denied, XXXX-XXXX (La.4/8/04), 870 So.2d 276 (citations omitted).
[5] Id.