# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-70

## SUCCESSION OF GEORGE COLLETT

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 60851
HONORABLE ROBERT EDWARD BURGESS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Jimmie C. Peters, Judges.

**AFFIRMED.**

**William Daniel Dyess**
**Dyess Law Firm, LLC**
**P. O. Drawer 420**
**Many, LA 71449**
**Telephone: (318) 256-5667**
**COUNSEL FOR:**
    **Other Appellants - Naomi Ruth Collett Ebarb and Mary Lou Collett**
    **Dayhuff**

**Charles David Soileau**
**730 San Antonio Avenue**
**Many, LA 71449**
**Telephone: (318) 256-0076**
**COUNSEL FOR:**
    **Other Appellee - Marjorie L. Collett**

**THIBODEAUX, Chief Judge.**

Appellants, Mary Lou Collett Dayhuff and Naomi Ruth Collett Ebarb, claim that the trial court erred in its interpretation of their father's testament, thereby depriving Dayhuff and Ebarb of their portion of his estate. The testament, which pre-dated the abolition of forced heirship, left the forced portion of his estate to his children. Reasoning that the law in effect at the time of George Collett's death governed the succession rights of the parties, the trial court determined that one hundred percent of George Collett's estate belonged to Dayhuff and Ebarb's mother, Marjorie Collett. For the following reasons, we affirm.

## I.
## ISSUE

We shall consider whether the testator's children, who were not forced heirs at the time of the testator's death, are entitled to the forced portion, where the testator wrote his will prior to the abolition of forced heirship and died after the legislature repealed a transitional provision that guided interpretation of wills written prior to the abolition, and where the testator bequeathed the forced portion to his children and the disposable portion to his wife.

## II.
## FACTS

George Collett died testate on August 14, 2007. His widow and three children of their marriage survived him. At the time of George Collett's death, none of his children was a forced heir within the meaning of La.Civ.Code art. 1493.

In his April 28, 1988 testament, George Collett bequeathed to Marjorie Collett "the disposable portion of all of the property" of which he died possessed, "of any kind, whether movable or immovable, wherever located." George Collett next

bequeathed to his three children "the forced portion of the property" of which he died possessed, "of whatever nature, and wherever the same is located, share and share alike, subject to the lifetime usufruct in favor of Marjorie L. Collett."

During the probate proceedings, two of George and Marjorie Collett's children—Dayhuff and Ebarb—claimed entitlement to the forced portion of George Collett's estate. Dayhuff and Ebarb argued that George Collett's intent, at the time he wrote the will, was to bequeath the forced portion of his estate to his children. Dayhuff and Ebarb also argued that Louisiana Supreme Court jurisprudence applying the now-repealed transitional provision, La.R.S. 9:2501, should govern this case. The trial court reasoned that the proper interpretation of the will involved application of Louisiana law in effect at the time of the testator's death. Because at the time of George Collett's death forced heirship was abolished, the trial court ruled that the disposable portion bequeathed to Marjorie Collett was one hundred percent of George Collett's estate. This appeal followed.

III.

**STANDARD OF REVIEW**

When a court interprets a will, the court's function is to determine and carry out the intention of the testator. *Adams v. Willis*, 00-589 (La.App. 3 Cir. 11/2/00), 777 So.2d 5, *writ denied,* 00-3289 (La. 2/2/01), 784 So.2d 7. If the will is not ambiguous, it must be carried out according to its written terms, without reference to the external information. *Id.* Here, the parties did not argue that the will was ambiguous. Thus, we shall determine George Collett's intent from the language of his testament. Interpretation of an instrument's language is a question of law that this court reviews to determine whether the trial court was legally correct. *Cleland v. City*

2

*of Lake Charles*, 02-805 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, *writs denied*, 03-1380, 03-1385 (La. 9/19/03), 853 So.2d 644, 645.

IV.

## LAW AND DISCUSSION

Over the last two decades there have been many changes in the law of forced heirship, and the following is a brief overview that is relevant here. The Louisiana constitution was amended in 1995 to abolish forced heirship with an exception for children who were the age of twenty three or younger, or who were permanently disabled at the time of the testator's death. *In re Succession of Boyter*, 99-761 (La. 1/7/00), 756 So.2d 1122. The legislature also enacted a transitional statute, La.R.S. 9:2501,[1] that specified rules by which the courts should interpret the

---

[1] Prior to its repeal, the statute, as amended in 1997, read:

Construction of testaments executed prior to January 1, 1996

If a person dies testate after July 15, 1997, and the testament is executed before January 1, 1996, then the testator's intent shall be ascertained according to the following rules:

(1) That the testament shall be governed by the law in effect at the time of the testator's death in any of the following instances:

(a) When the testament manifests an intent to disinherit a forced heir or to restrict a forced heir to the legitime under the law in effect at the time of the testator's death.

(b) When the testament leaves to the forced heir an amount less than the legitime under the law in effect at the time the testament is executed.

(c) When the testament omits a forced heir and the language of the testament indicates an intent to restrict the forced heir to an amount less than the legitime under the law in effect at the time the testament is executed.

(2) That in all other instances the testament shall be governed by the law in effect at the time the testament was executed.

(3) That the term forced heir, as used above, shall mean a presumptive forced heir under the law in effect at the time the testament was executed.

testaments written prior to the change to ascertain the testator's intent. *Boyter*, 756 So.2d 1122. Prior to its repeal in 2001, the Louisiana Supreme Court held that the 1996 version of La.R.S. 9:2501 was a mandatory statute applicable to all successions where a person executed a will before January 1, 1996 and died after December 31, 1995. *Boyter*, 756 So.2d 1122.

By Act 560 of the Regular Session of 2001, effective June 22, 2001, the Louisiana legislature repealed La.R.S. 9:2501 and included in La.Civ.Code art. 870 a provision that "[t]estate and intestate succession rights, including the right to claim as a forced heir, are governed by the law in effect on the date of the decedent's death." The legislature also added that

> [w]hen a testament uses a term the legal effect of which has been changed after the date of execution of the testament, the court may consider the law in effect at the time the testament was executed to ascertain the testator's intent in the interpretation of a legacy or other testamentary provision.

La.Civ.Code art. 1611.

Dayhuff and Ebarb's argument is two-fold. First, they argue that the facts in this case and the facts in *Boyter*, where the supreme court declared La.R.S. 9:2501 mandatory, are similar. Thus, Dayhuff and Ebarb argue that we should apply *Boyter* here, which leads to their inheriting the forced portion of George Collett's estate. Second, Dayhuff and Ebarb maintain that George Collett's inclusion of the language regarding the forced portion in his testament manifested his intent to leave something to his children. Thus, because the testator's intent is paramount, Dayhuff and Ebarb assert that this court should award them the forced portion of the estate.

Dayhuff and Ebarb's first argument turns on its head our long-cherished legal principle that no law can survive the reasons on which it was founded. The existence of La.R.S. 9:2501 was the reason for the *Boyter* decision. By the time

4

George Collett died, the legislature repealed La.R.S. 9:2501. Therefore, the supreme court's application of the now-repealed statute in *Boyter* has no consequence in this case.

We also find without merit the contention that George Collett manifested a specific desire to leave a portion of his estate to his children by stating that he wished to leave the forced portion to them. George Collett's testament employed terminology that has legal meaning. Thus, instead of using a numerical value, such as one-half or some other fraction or portion of the estate, which would indeed signify a desire to leave something to the children, the testament used legal terms, i.e., "forced portion" and "disposable portion." What is "forced portion" and what is "disposable portion" is to be decided according to the law in effect on the date of the testator's death. *See* La.Civ.Code art. 870. At the time of George Collett's death, his estate had no forced portion.

Finally, we conclude that even though the legal effect of the terms George Collett used in his testament has changed after his execution of the testament, Dayhuff and Ebarb are not entitled to any portion of his estate. The change in the legal effect of the terms used in the testament is only one of several factors our courts consider when they try to ascertain the testator's intentions. The legislature's use of the permissive "may" instead of the mandatory "shall" when it suggested in La.Civ.Code art. 1611 that the courts may consider the law at the time of the testament's execution if the legal effect of the testament's terms changed, supports this proposition.

Yet, even this factor is in favor of Marjorie Collett. Contrary to Dayhuff and Ebarb's assertions that George Collett's reference to the forced portion in his will signifies his intent to leave them a portion of his estate, George Collett's use of this

legal phraseology manifests his desire to leave his children only that which the law required him to leave, whatever the law may be at the time of his death. Had George Collett, in fact, wanted to leave his children some portion of his estate and not simply that which the law required him to leave, he would have used terminology that does not vary with the fluctuations in the law. Moreover, the absence of something other than these legal terms demonstrates George Collett's desire to leave his wife the maximum portion of his estate the law allows. Thus, this court's consideration of the law in effect at the time George Collett executed his testament does not militate in favor of Dayhuff and Ebarb's claims. The trial court was eminently correct in its interpretation of the legal effects of Mr. Collett's testament.

## V.

## CONCLUSION

The trial court's judgment in favor of Marjorie Collett is affirmed. Costs of this appeal are assessed to Mary Lou Collett Dayhuff and Naomi Ruth Collett Ebarb.

**AFFIRMED**.