CLARENCE E. McMANUS, Judge.
| ¡>This is an appeal by Andrew Celestin from the trial court’s judgment finding he is not a forced heir in the succession of his father, Willie Celestin, Jr. For the reasons which follow, we affirm the trial court’s judgment.

STATEMENT OF THE CASE

Willie Celestin, Jr. executed a last will and testament on October 18,1993. Celes-tin died on March 22, 2001. On March 22, 2010, Andrew Celestin, son of Willie Celes-tin, Jr., filed a Petition to Search for Will and Appointment of Provisional Administrator. A Petition for Probate of Notarial Testament was then filed May 11, 2010 by Terry Celestin Harris, daughter of Willie Celestin, Jr. The petition stated that Cel-estin, the decedent, had left a notarial testament dated October 18, 1993. The original copy of the testament was believed lost, however, a copy was provided with the petition. On May 21, 2010, Harris filed an Amended Petition for Probate indicating that the original will of decedent had been located and was attached to the amended petition for probate.
The notarial testament of Willie Celes-tin, Jr. consisted of one page and contained the following language:
*522 | J leave bequeath and devise the disposal portion of all of my property, both real and personal, separate and community, movable and immovable that I may die possessed of to my wife, EDNA SAUL CELESTIN.
Should I outlive my spouse Edna Saul Celestin, I leave and bequeath all that I may die possessed of to my children which they shall share and share alike.
I confirm the usufruct which my wife Edna Saul Celestin, enjoys under the law to my interest in any property which I own at the time of my death. This usufruct shall remain in full force and effect until her death.
Thereafter, Andrew Celestin filed a rule to show cause regarding why he should not be considered a forced heir of Willie Celes-tin, Jr. Of note, this pleading or rule is not included in the trial court record. Nonetheless, the trial court issued a judgment on January 24, 2011 finding Andrew Celestin is not a forced heir of Willie Cel-estin, Jr. On February 8, 2011, Andrew filed a Motion for New Trial stating he believed the court misinterpreted the law cited. Andrew claimed that since the will was executed when forced heirship was in effect, and the testator died after the forced heirship law was changed, there must be affirmative language indicating a wish to reduce the legitime of the forced heirs in order to abrogate the application of the forced heirship articles.
The trial court granted the motion for new trial and on March 21, 2011, the trial court again issued a judgment and written reasons finding Andrew Celestin is not a forced heir. Andrew filed another motion for new trial, which was denied by the trial court. Andrew now appeals the trial court’s finding that he is not a forced heir of his father’s estate.

DISCUSSION

On appeal, Andrew argues that when a testament is made during the forced heirship regime, and the testator dies after forced heirship is abolished, the new law does not apply. He argues the trial court incorrectly applied the law in effect at the time the succession was opened, rather than the law applicable on the date of death.
I/The issue presented in this case is what law to apply in a situation where the testament was executed when forced heirship laws were in effect, the testator dies after forced heirship laws were abolished, and the succession is not opened until ten years later when new legislation governs the interpretation of a testament. LSA-C.C. Art. 870(B) provides that testate succession rights, including the right to claim as a forced heir, are governed by the law in effect on the date of decedent’s death. Celestin died in March 2001. At that time, LSA-R.S. 9:2501 was in effect and governed the construction of testaments executed prior to January 1, 1996. That statute provided:
If a person dies testate after July 15, 1997, and the testament is executed before January 1, 1996, then the testator’s intent shall be ascertained according to the following rules:
(1) That the testament shall be governed by the law in effect at the time of the testator’s death in any of the following instances:
a. When the testament manifests an intent to disinherit a forced heir or to restrict a forced heir to the legitime under the law in effect at the time of the testator’s death.
b. When the testament leaves the forced heir an amount less than the legitime under the law in effect at the time the testament is executed.
*523 c. When the testament omits a forced heir and the language of the testament indicates an intent to restrict the forced heir to an amount less than the legitime under the law in effect at the time the testament is executed.
(2) That in all other instances the testament shall be governed by the law in effect at the time the testament was executed.
(3) That the term forced heir, as used above, shall mean a presumptive forced heir under the law in effect at the time the testament was executed.
LSA-R.S. 9:2501 was originally enacted in 1996 in order to provide transitional provisions to interpret testaments that were executed prior to the changes to the forced heirship laws in order to best ascertain the testator’s intent. 1 ^Shortly after Celestin’s death, LSA-R.S. 9:2501 was repealed by Section 2 of Acts 2001, No. 560, effective June 22, 2001. Section 3 of that same Act provided “[t]his act is declared to be interpretive, curative, and procedural in nature and shall apply both prospectively and retroactively; however, this Act shall not apply to successions which have been judicially opened prior to the enactment of this Act.” Further, Section 1 of Acts 2001, No. 560 amended LSA-C.C. art. 870 and LSA-C.C. art. 1611, which relate to succession rights and replace repealed LSA-R.S. 9:2501.
The succession in this matter had not been judicially opened at the time of enactment of the Act that repealed LSA-R.S. 9:2501. Thus, according to Section 3 of Acts 2001, the Act applies in this case. Therefore, this Court must consider LSA-R.S. 9:2501 repealed and not applicable and apply LSA-C.C. arts. 870 and 1611, as amended, to determine the succession rights of this case.
LSA-C.C. art. 870 states:
A. The ownership of things or property is acquired by succession either testate or intestate, by the effect of obligations, and by the operation of law.
B. Testate and intestate succession rights, including the right to claim as a forced heir, are governed by the law in effect on the date of the decedent’s death.
LSA-C.C. art. 1611 states:
A. The intent of the testator controls the interpretation of his testament. If the language of the testament is clear, its letter is not to be disregarded under the pretext of pursuing its spirit. The following rules for interpretation apply only when the testator’s intent cannot be ascertained from the language of the testament. In applying these rules, the court may be aided by any competent evidence.
B. When a testament uses a term the legal effect of which has been changed after the date of execution of the testament, the court may consider the law in effect at the time the testament was executed to ascertain the testator’s intent in the interpretation of a legacy or other testamentary provision.
|fiIn accordance with LSA-C.C. art. 870(B), the law in effect at the time of Willie Celestin’s death governs Andrew’s claim that he is a forced heir. In March 2001, forced heirship was governed by LSA-C.C. Art. 1493 and provides, in pertinent part:
A. Forced heirs are descendants of the first degree who, at the time of the death of the decedent, are twenty- *524 three years of age or younger or descendants of the first degree of any age who, because of mental incapacity or physical infirmity, are permanently incapable of taking care of their persons or administering their estates at the time of the death of the decedent.
Pursuant to LSA-C.C. art. 1493, Andrew Celestin is not a forced heir. There has been no showing that Andrew was under twenty-three years of age or that he was permanently incapable of taking care of his person or estate due to a mental incapacity or physical infirmity.
Next, we must look to LSA-C.C. art. 1611 and determine the intent of the Willie Celestin, Jr. The language of the will only provides that Celestin wishes to leave the disposable portion of his estate to his wife and he wishes to leave the estate to his children, only if his wife predeceases him. Celestin did not specify an amount he wished to leave his children. Instead he only referred to the disposable portion of his estate, which he left to his wife.
In In re Succession of Collett, 2009-70 (La.App. 3 Cir. 6/3/09), 11 So.3d 724 (2009), the testator’s will contained language which bequeathed the disposable portion of the property to his wife and the forced portion of the property to his children. The Third Circuit, applying LSA-C.C. art. 870(B), found that the estate had no forced portion. The court found the testator’s use of the legal terms “disposable portion” and “forced portion” showed his desire to leave his children only what the law required him to leave them. The court further found that the |7testator demonstrated his desire to leave his wife the maximum portion of his estate allowed by law.
As in Collett, we find the intent of Celes-tin was to leave everything to his wife, except whatever portion he was required by law to leave to his children. We do not find he specifically intended to leave a portion of his estate to his children. Further, we do not find that the testament used a term, the legal effect of which was changed after the testament was executed. Thus, we will not consider the law in effect at the time the testament was executed, as provided for in LSA-C.C. art. 1611(B). We will apply the law in effect at the time of death, pursuant to LSA-C.C. art. 870(B).
Based on the law in effect at the time of Willie Celestin, Jr.’s death, in accordance with our discussion above, we find the trial court correctly found Andrew Celestin is not a forced heir of Willie Celestin, Jr. Accordingly, the trial court’s judgment is affirmed.

AFFIRMED