BELSOME, J.,
dissents with reasons.
LI respectfully dissent from the majority’s findings regarding Mr. Dean’s intent. “When the words of the testament are plain and unambiguous, the testator’s intent should be ascertained from the language used in the testament, giving the words used their usual significance.” Montgomery v. Administrators of Tulane Educational Fund, 09-1670, p. 6 (La.App. 4 Cir. 10/13/10), 51 So.3d 60, 63 (citing Derouen v. Derouen, 03-623 (La.App. 3 Cir. 1/28/04), 865 So.2d 940, 942). The bequest at issue in Mr. Dean’s testament states:
I give, devise and bequeath the forced portion of my estate to my beloved children, THOMAS DEAN, JR., ANGELA DEAN and CYRIL DEAN, subject to the legal usufruct in favor of MELBA SEABERRY DEAN, which I confirm.
At the time the testament was drafted, the testator was required by Louisiana law to leave a portion of his estate to his children. Thus, Mr. Dean’s bequest as written provides to his children only that which is mandated by law.
“Testate and intestate succession rights, including the right to claim as a forced heir, are governed by the law in effect on the date of the decedent’s death.” La. C.C. art. 870(B). I find the trial court’s reliance on In Re Succession of Collett[1] to be sound. Just as in Collett, Mr. Dean’s testament does not provide for any [ numerical value, but rather, uses only language with a specific legal meaning. At the time of his death, Louisiana no longer guaranteed each child a forced portion of the parent’s estate. Thus, the legal term “forced portion” in Mr. Dean’s testament had no legal effect at the time of his death.
The majority relies on La. C.C. art. 1611(B) to remedy the result created by the change in the law. Provision B of art. 1611 allows this Court to “consider the law in effect at the time the testament was executed to ascertain the testator’s intent in the interpretation of the legacy or other testamentary provision.” Id. Even giving consideration to the law at the time the testament was drafted, I cannot find that the trial court was clearly wrong or manifestly erroneous in its determination. Therefore, I dissent from the majority’s finding that the Mr. Dean’s children are entitled to fifty percent of their father’s estate.

. In Re Succession of Collett, 09-70 (La.App. 3 Cir. 6/3/09), 11 So.3d 724.